IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 1:07CR647

        Plaintiff

v.  ORDER

Zubair Ahmed, et al.,

        Defendant

This is a criminal case in which the defendants, Zubair Ahmed and Khaleel Ahmed, are charged with conspiring to kill or maim persons outside the United States. Pending is the defendant Zubair Ahmed's motion to dismiss the indictment. [Doc. 59].

The defendant claims that the indictment: 1) fails to state a charge against the defendant; 2) charges a "conspiracy to conspire" or an "attempted conspiracy;" 3) asserts the charge in terms that are void for vagueness; and 4) criminalizes speech protected by the First Amendment.

For the reasons that follow, the defendant's motion shall be overruled.

## Discussion

An indictment which repeats the language of the statute on which it is based, states a charge. *See, e.g., Hamling v. U.S.* 418 U.S. 87, 117, 94 S.Ct. 2887, 2907 (1974) ("an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge

against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.").

The indictment here meets this standard: its precatory language recites the statute, and it details at considerable length what the government claims the defendants did in the course of violating the statute.

Considering a very similar challenge in *U.S. v. Sattar*, 314 F.Supp. 2d 279, 304 (S.D.N.Y.2004), the court stated:

> By tracking the language of § 956, Count Two satisfies the well-established pleading requirements in this Circuit. The language of § 956(a) does not require that an indictment allege the identities of contemplated victims or the specific location outside the United States where the contemplated killing, kidnapping, or maiming is to occur. Nor are these specific facts an essential element of the crime charged. Count Two charges a violation of § 956 with sufficient precision to inform . . . the only defendant named in Count Two-of the charges he must meet and to permit him to interpose a plea of double jeopardy if warranted in a future prosecution.

(Citations omitted).

To obtain a conviction for conspiracy to kill in a foreign country,

> the government must prove that: (1) the defendant agreed with at least one person to commit murder; (2) the defendant willfully joined the agreement with the intent to further its purpose; (3) during the existence of the conspiracy, one of the conspirators committed at least one overt act in furtherance of the object of the conspiracy; and (4) at least one of the conspirators was within the jurisdiction of the United States when the agreement was made.

*U.S. v. Wharton*, 320 F.3d 526, 537-38 (5th Cir.2003).

The indictment here alleges the predicate on which the government must build its proof. No more is necessary for the indictment to state a charge against the defendant, or to inform him of the charges and provide him with a shield against being placed twice in jeopardy.

There is no merit, moreover, to the defendant's contention that the indictment simply, and unacceptably, charges him with engaging in a "conspiracy to conspire" or an attempted conspiracy.

By its own terms, the indictment alleges that the defendant "willfully . . . conspire[d] . . . to kill or maim persons outside of the United States," not that he conspired or attempted to conspire to do so. The fact that the object of the conspiracy – to kill or maim persons overseas – was not accomplished does not matter. Actual killing or maiming of someone is not an element of the conspiracy: "It is not necessary that an overt act be the substantive crime charged in the indictment as the object of the conspiracy. *Yates v. U.S.*, 354 U.S. 298, 334 (1957), *overruled on other grounds*, *Burks v. U.S.* 437 U.S. 1 (1978).

There is likewise no merit to the defendant's contention that § 956(a)(1) is unconstitutionally vague. The statutory terms are of common usage, clear and unambiguous. The defendant did not have to guess at their meaning or fumble about in a dictionary trying to figure out what they meant, and what he had to do, or refrain from doing, to avoid prosecution under this provision.

Likewise, the overt act allegations in the indictment are not vague. Whether they define conduct that is itself criminal or innocent is immaterial: otherwise innocent acts, if done in furtherance of an unlawful conspiracy, can lead to conviction. *Id*. at 333 (overt act need not be "criminal in character"). And certainly mere recitation of otherwise innocent acts in an indictment does not, contrary to defendant's contention, convert the commission of such acts outside and apart from the conspiracy into crimes. If two persons go to a mall planning to rob a bank, that does not cause everyone else who goes to a mall to shop to become criminally culpable.

Defendant also suggests that the indictment criminalizes speech protected under the First Amendment. I disagree. Words spoken between persons who have agreed to commit a crime are not,

3

when the conversation discusses how to accomplish their criminal purpose, constitutionally protected. *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993) (First Amendment "does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent.").

## Conclusion

For the foregoing reasons, it is, therefore

ORDERED THAT the defendant Zubair's motion to dismiss [Doc. 59] be, and the same hereby is overruled.

So ordered.

                                                   s/James G. Carr
                                                   James G. Carr
                                                 Chief Judge