IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                   Case No. 3:07CR647

        Plaintiff

v.                                                                        ORDER

Zubair Ahmed, et al.,

        Defendant

Pending is the government's motion under Fed. R. Crim. P. 15(a)(1) for leave to conduct a pretrial deposition of a prospective government witness who resides in another country. [Doc. 72]. The defendants oppose the request.

For the reasons that follow, the government shall have leave to supplement its motion. If thereon leave is granted to conduct the requested deposition, it shall occur in a manner that as fully as technologically possible preserves the defendants' right of confrontation.

Rule 15(a)(1) provides:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice. If the court orders the deposition to be taken, it may also require the deponent to produce at the deposition any designated material that is not privileged, including any book, paper, document, record, recording, or data.

The government acknowledges that the witness may be willing to travel to this country to testify first-hand. But there is no guarantee that he will do so. The government wants to preclude any disruption, or even, possibly, adjournment of the trial if the witness decides not to travel here to testify. Which makes sense.

The government has interviewed the witness. But it has so far declined to describe in any detail what it believes he is likely to say if called as a witness. All that the government suggests is that the witness will provide evidence that the defendants traveled to Egypt to further the purposes of their alleged conspiracy.

Their purpose, whatever it was, is material. If they went to Egypt to engage in *jihad*, that is one thing; if to look at the pyramids, that is another. While one can infer that the government would only want to have the jury hear from the witness about a nefarious purpose, nothing in the government's briefs makes clear how the witness might fulfill that purpose.

I agree with the government that it need not submit an affidavit or something of that sort. But its brief obscures too thoroughly what it expects, in terms of general relevancy and materiality.

The government has to make some preliminary showing of materiality before I can allow it to employ the extraordinary device of a deposition to preserve – and, quite possibly – present evidence.

Making that showing, given the fact that the government has interviewed the witness, shouldn't, if the witness in fact has relevant and material testimony to offer, be difficult.

That being so, there is no reason that the government should not tell the defendants and me what that is before I grant its motion. There has to be *some* reason aside from the witness's overseas

residence for the government's wanting to preserve the evidence. It's really not too much to insist that it disclose what that reason is before I allow a pretrial deposition.

This doesn't mean that the government has to spell out chapter and verse. An outline is enough: something on which to make a fair assessment. How the government presents that outline is up to it. *See U.S. v. Des Marteau*, 162 F.R.D. 364, 368 (M.D.Fla.1995) (showing of materiality " 'may be made by several means including affidavit, proffered testimony, or calling a witness to the stand; *at the very least, the proffer must alert the district court to the substance of the evidence that is at peril of being excluded*' ") (quoting *U.S. v. Ramos*, 45 F.3d 1519, 1523 (11th Cir.1995)) (emphasis supplied).

Except for saying implicitly that it doesn't want to, and expressly [according to it] that it doesn't have to, the government offers no reason, much less any plausible reason, for refusing to tell me and the defendants just what, in general terms of relevance and materiality, it anticipates the witness will say.

Before I know that, I cannot determine whether the requisite "exceptional circumstances" exist, so that allowing the government to take the witness's deposition will serve "the interest of justice." I shall, therefore, require the government to supplement its motion for leave to take the overseas witness's deposition with a description as to what it expects the witness's testimony to be, and how it believes that testimony will be relevant and material.[1]

---

[1] The easiest, and in most, if not all respects most sensible approach would be for the government simply to submit its interview notes, or some narrative version thereof. Whether it wants to follow that direction is, of course, up to it. At the very least, it must show the relevance and materiality of what it expects the witness to say; this necessarily will require rather fulsome disclosure of what it knows about just what that will be.

Confrontation Clause issues make it especially essential that the government make at least a threshold showing of relevance and materiality before I grant its motion. It is essential, to the maximum extent, given presently available technology, to replicate the face-to-face, eyeball-to-eyeball circumstances of a courtroom.

To that end, if the government meets its burden of showing relevance and materiality, it and the defendants' attorneys, with whatever assistance of the court is needed, shall implement the procedures the Fourth Circuit approved in *U.S. v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008). In that case, there was a live, two-way video link between the foreign location and a domestic courtroom. Defense attorneys were present both overseas and in the courtroom. The trial judge – as I expect I would – presided and ruled on objections. Ample opportunity existed for confidential consultation between the defense attorneys and the defendant.

In this way, virtual, if not actual confrontation was afforded. Though not fully duplicative of courtroom conditions, these measures will enable the defendant to see the witness against him, and permit, as well, the jurors to see and assess the witness's demeanor.

I have no problem giving the government the opportunity to procure, preserve and present material evidence from wherever that evidence may be found. But giving the government that opportunity depends on the its showing to an acceptable degree the relevance and materiality of the desired deposition testimony.[2]

In light of the foregoing, it is hereby

ORDERED THAT:

---

[2] The defendants contend that insufficient time remains until the early February, 2009, trial date for them to prepare for and participate in an overseas deposition. I disagree.

1. Leave be, and the same hereby is granted to the government by December 2, 2008, to supplement its motion for leave to depose an overseas witness with a showing, as provided herein, of how such witness's testimony will be relevant and material;

2. The parties shall, if they desire, be heard further on the pending motion during the December 9, 2008, date for hearing on pretrial motions.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
