**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United States of America,

        Plaintiff,                            Case No. 1:07CR647

v.                                                 ORDER

Khaleel Ahmed,

        Defendant,

This is a criminal case in which the defendant Khaleel Ahmed [Kahleel] is charged in a one count indictment with conspiring with his cousin, Zubair Ahmed [Zubair], to kill or maim United States citizens abroad. The gist of the conspiracy allegations against the defendants is that they agreed to try to become trained to engage in violent acts against American forces overseas.

Pending is Khaleel's motion to sever his trial from that of Zubair. [Doc. 62]. For the reasons that follow, the motion to sever shall be denied.

Khaleel seeks severance because of his anticipation that I will allow the government to introduce statements by Zubair and others against him. These statements are of two sorts: 1) statements between Zubair and an unindicted individual, Syed Haris Ahmed [Syed];[1] and 2) statements made by Zubair during two proffer sessions with the Office of the United States Attorney in the Northern District of Illinois.

The defendant argues that any statements by Zubair and Syed will be admissible under the coconspirator exception to the hearsay rule. The defendant disagrees, contending that nothing said between Zubair and Syed was in furtherance of the alleged conspiracy between Kahleel and Zubair,

---

[1] The record does not indicate that Syed is related to the defendants. I assume that he is not.

and, in any event, because the government has not alleged that Syed was a participant in any such conspiracy, his statements cannot be admitted against Khaleel. The defendant also asserts that, even if otherwise admissible, anything communicated between Zubair and Syed would be barred under Fed. R. Evid. 402 and/or 403.

In response to the defendant's demand for severance in the face of Zubair's proffer statements, the government states that it cannot and will not offer those statements unless the case presented by Zubair enables it to do so. In other words, the government states, it will not seek to use anything Zubair stated in his proffer unless Zubair presents, either through his own testimony, testimony of others, other evidence or in argument to the jury, something that is inconsistent with his statements in his proffer.

Even then, the government states, anything it may use from the proffer will be redacted to eliminate any reference, direct or indirect, to Khaleel. To that end, the government has prepared a redacted version of Zubair's proffer.

The redacted version, the defendant contends, does not do the job that must be done if the jury is to hear anything of what Zubair told the government. In the defendant's view, no amount of segmentation can eliminate the likelihood that the jury will draw inferences adverse to Khaleel from Zubair's utterances.

The only option under these circumstances, the defendant argues, is severance. Otherwise, he asserts, reversible error is inevitable.

I disagree. Aside from being a disfavored option, severance is not the only option to protect Khaleel's rights to counsel, a fair trial, and conviction only on evidence that is admissible and probative. Exclusion of inadmissible evidence is preferable to outright severance.

First, with regard to communications between Zubair and Syed. Nothing said between Zubair and Syed will be admissible until the government has shown that it is more likely than not that a conspiracy arose between Zubair and Khaleel and existed at the time of the Zubair/Syed communications.[2] If so, then Zubair's communications, to the extent any of them furthered the conspiracy, will be admissible.

I also leave for another day any determination of the extent to which, if any, the jury will be able to hear what Syed uttered. Although not named as a coconspirator in the indictment, that does not preclude the government from contending at trial that he was part of the charged conspiracy. Even assuming, as I must and do at this point, that the government will continue to eschew any such contention, that does not mean that the jury cannot under any circumstance learn what Syed stated to Zubair. If what he said is not offered for the truth of the matter asserted, it is not hearsay and is admissible if relevant and material.[3]

It's best to wait until the record is more fully developed and the government undertakes to offer specific portions of the Zubair/Syed communications before try to rule now, and largely in the abstract, as to admissibility of any part, much less the entirety of those communications.[4]

---

[2] Due to the imminence of voir dire, I decline to discuss the parties' conflicting views as to whether the government will meet its predicate burden re. the admissibility of such communications under the coconspirator exception to the hearsay rule. For now it is sufficient for me to note that I am not presently persuaded that the government will be unable to meet that burden. Even if I make that finding by a preponderance of the evidence, it will remain for the jury to determine whether the government proves its allegations beyond a reasonable doubt.

[3] I am not suggesting that there may not be other grounds on which to exclude anything communicated by Syed.

[4] The government shall not refer to such evidence until I give it permission to do so.

Second, with regard to the defendant's demand to sever on the basis of the government's possible use of something from Zubair's proffer. The *Bruton/Richardson* problems that any such use creates likewise can best be addressed when and if the government states that it wants to introduce something from the proffer. At that time I can make a reasoned and refine ruling in light of what has transpired at trial to trigger the government's desire, assessing whether the government's claim of entitlement to use is well-taken and evaluating the evidentiary and constitutional issues on the basis of what has occurred and is likely to occur.

This response to Khaleel's demand for a separate trial does not, as Khaleel's counsel argues, eliminate all the risks. I prefer, though, to wait to see just what risks there might be when and if the government seeks to use some portion or portions of Zubair's proffer. It may be that I won't allow it to do so; or, if I do, that some portions won't come in, while others do.

It makes, however, little if any sense to try to sort all that out now.[5] There are simply to many parts that may or may not come into motion under too many conditions to try presently to decide whether the government could present anything from the proffer to the jury, and, if so, whether severance is necessary.

Bottom line: the risks from a joint trial are not so manifest that separate trials are necessary. While those risks are, at least hypothetically, present, they can and will be better addressed once they are, in fact, truly likely to arise. Before I can know whether they have arisen, and if so, what to do about them, I should wait until this case is much further along.

---

[5] The proffer, both in redacted and unredacted versions are and properly should remain under seal. For that reason, and, as well, in light of the fact that I have no way of discerning whether the government, in fact, will ever offer anything from Zubair's proffer, I decline for now to try to assess the adequacy of the redactions.

In light of the foregoing, it is

ORDERED THAT the defendant Khaleel Ahmend's motion to sever [Doc. 62] be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Chief Judge